THE DEMIDCHIK LAW FIRM
**MICHAEL S. SELYEM, Esq. SB # 243862**
923 E. Valley Boulevard: Suite 268
San Gabriel, CA 91776
Telephone: (626) 317-0033
Facsimile: (212) 810-7257

ATTORNEY FOR DEFENDANT
QING SHAN LI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No.: 19-CR-2564-CAB |
|---|---|
| Plaintiff, | ) |
| vs. | ) NOTICE OF FORMAL REQUEST FOR DISCOVERY PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE 12 AND 16; POINTS & AUTHORITIES |
| QING SHAN LI | ) |
| Defendant. | ) |

TO THE HONORABLE COURT AND THE UNITED STATES ATTORNEY'S OFFICE AND THEIR REPRESENTATIVE(S):

I write to formally request complete discovery in this case, pursuant to Federal Rules of Criminal Procedure 12 and 16, and all other applicable rules, statutes, and case law, including Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), their progeny, and Title 18 U.S.C. §3500.

For purposes of this discovery request, please produce all materials in the government's possession, custody, or control, or otherwise known to the government. This request encompasses

information both within the possession of federal agents, and within the possession of state agents, agencies, and offices with whom you and/or agents have been working with in the course of your investigation in this matter. See United States v. Wood, 57 F.3d 733 (9th Cir. 1995); United States v. Santiago, 46 F.2d 885, 893 (9th Cir. 1995). It also extends to documents and information in control of government agencies both within and outside of this district, if "the prosecutor has knowledge and access to" such materials. United States v. Alvarez, 86 F.3d 901, 904 (9th Cir. 1996); see also Kyles v. Whitley, 514 U.S. 419 (1995).

Pursuant to our conversation on July 30, 2019, I am requesting that you provide me with any Giglio information that you have on the defendant Mr. Li and any other witnesses that may be testifying against Mr. Li. Additionally, I am requesting any evidence that is known to the government or can be discovered by the government that would be discoverable Brady material. I would also note for you that I am making a specific request under Kyles v. Whitley, 115 S.Ct. 1555 (1995), imposing upon law enforcement and the prosecutor a "Duty to Learn" favorable information relating to the defendant.

To that end I would request that all officers and investigative agencies concerned with this case make certain that I am apprized, in writing, of any information or any evidence that has come to light that might be viewed in anyway as "favorable" to Mr. Li. This includes information that is favorable to the defendant on the issues of suppression, guilt, and/or punishment from both a substantive perspective and as impeachment information and material tending to discredit the government's witnesses.

I am requesting not only any notes, documents, or physical evidence that might contain discoverable evidence, but also that you memorialize and provide me with any such information that

has not yet been reduced to writing. This request continues until and throughout the trial should one occur. Please supply any new information as you become aware of it.

This request includes but is not limited to:

1. Prior inconsistent statements of witnesses

2. Prior convictions of witnesses

3. Any and all records and information revealing prior misconduct or bad acts attributed to any witness

4. Any and all consideration or promises of consideration given to or on behalf of the witness. By "consideration", defendant refers to absolutely anything of value or use, including but not limited to criminal, civil or tax immunity grants, assistance or favorable treatment or recommendations with respect to any criminal, civil, immigration, tax court, court of claims, administrative or other legal disputes with the government or any other parties, payment of money or fees, witness fees and special witness fees, provisions of food, clothing, shelter, transportation or other like benefits, placement in a "witness protection program", and anything else which could arguably reveal an interest or bias in the witness in favor of the government or against the defense or act as an inducement to testify or to color testimony.

5. Plea agreements

6. Any evidence of any drug use on the part of any witness

7. Any and all prosecutions, investigations, or potential prosecutions pending or which could be brought against the witness, and any criminal, civil, immigration, tax court, court of claims, administrative, or other pending potential legal disputes or transactions.

MOTION FOR DISCOVERY

- 3 -

8. The existence and identification of each occasion on which the witness has testified before any court, grand jury, or other tribunal or body or otherwise narrated in relation to the Defendant, the investigation, or the facts of the case.

9. The existence and identification of each occasion on which each witness who is an informer, accomplice, co-conspirator, or expert has testified before any court, grand jury, or other tribunal or body.

If the government disputes its legal obligation to disclose or produce anything requested herein, please so advise so that the matters can be timely litigated.

Please feel free to contact me regarding this request. Thank you for your attention in this matter.

Dated this 7th day of August 2019,

Michael S. Selyem
Attorney for Qing Shan Li