FILED
SEP 19 2019
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>QINGSHAN LI<br><br>　　　　Defendant. | Case No.: 19CR2564-CAB<br><br>I N F O R M A T I O N<br><br>Title 22 U.S.C., Secs. 2778(b)(2), and (c); and 22 CFR 121.1, 123.1, 127.1(a)(1)(Attempt to Export Defense Articles Without a License); Title 18, United States Code, Section 371; Title 18, U.S.C., Secs. 981(a)(1)(C), Title 22, United States Code, Section 401(b), and Title 28, U.S.C., Sec. 2461(c) (Criminal Forfeiture) |

The United States Attorney charges:

### COUNT 1

Beginning on a date unknown to the grand jury and continuing up through June 29, 2019, within the Southern District of California and elsewhere, defendant QingShan Li, together with others known and unknown to the grand jury, did knowingly and intentionally conspire and agree to willfully attempt to export from the United States to the People's Republic of China ("China") a defense article, that is, a Harris Falcon III AN/PRC 152A Radio ("the Radio"), which is

AFF: San Diego
07/26/2019

1

designated as a defense article on the United States Munitions List, without having first obtained from the State Department a license or written authorization for such export; in violation of Title 22, United States Code, Sections 2778(b)(2) and 2778 (c), and Title 22, Code of Federal Regulations, Section 121.1, 123.1, and 127.1(a)(1), 127.3 and Title 18, United States Code, Section 371.

## OVERT ACTS

a. QINGSHAN LI is a national of the People's Republic of China with a B1/B2 visa to enter the United States.

b. LI arrived in the Southern District of California on a flight from China on June 28, 2019. LI was scheduled to return to China on a flight on July 7, 2019.

c. The Harris Falcon III AN/PRC 152A Radio ("the Radio") is designated as a defense article on the United States Munitions List and subject to ITAR (International Trafficking in Arms Regulations, Title 22, Code of Federal Regulations, Parts 120 et seq.). A license from the Department of State, Directorate of Defense Trade Controls, is required to export the Radio from the United States.

d. In late June 2019, LI agreed to pay another individual (AB) 50,000 RMB (approximately $7,200) for the Radio, knowing that AB was under investigation for export-related crimes and believing that AB was attempting to get rid of the radio in light of AB's entanglement with law enforcement.

e. LI informed AB that LI planned to take the Radio to Tijuana, Mexico, and ship it to China from Mexico in light of the lack of ITAR rules in Mexico.

f. LI drove in his rental car to a storage locker in the Southern District of California on June 29, 2019, to purchase the Radio, along with other military items from AB;

g. LI gave AB a $600 cash down payment toward the purchase price of the Radio at the storage locker;

h. LI then left the storage locker with the Radio in a bag slung over his shoulder, after which time LI was detained by law enforcement.

i. In an interview with FBI Agents soon after LI was stopped with the Radio in his bag, LI stated that he knew the Radio was export controlled, and he knew that it was illegal for the Radio to be transported to China. LI stated that he purchased the Radio with the intent to transport it to China, knowing he was violating United States law. LI told Agents he had a contact in China, whom LI believed was an Officer for the Chinese People's Liberation Army (PLA). The PLA Officer had provided LI with a list of United States Military items that he wanted LI to acquire. The Radio was on the list.

j. LI did not obtain a license for export of the Radio or written authorization for such export from the U.S. State Department, nor did he intend to obtain such a license before exporting the Radio to China.

k. LI intended to export to China all the properties which are being forfeited to the United States described in Section X(G) below. Defendant admits the currency is proceeds of the offense and was also intended to be used to further the conspiracy. Defendant admits he used his cell phone in furtherance of the conspiracy.

//

FORFEITURE ALLEGATIONS

1. Upon conviction of the offense alleged in Count 1 of this Information and pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 22 United States Code, Section 401(b), LI shall forfeit to the United States any property, real or personal, which constitutes or was derived from proceeds traceable to such violation, and all arms and munitions of war involved in the offense, including but not limited to:

- $2,244 of United States Currency
- Map of North Island Naval Air Station
- IPhone 10 XS Max, IMEI: 357320095793411
- Harris Falcon III AN/PRC-152A (Serial # 522270)
- Harris Falcon III AN/PRC-152 (Serial # 501724, F02823)
- Harris 30 MHz-512 MHz 8W Antenna (Serial # 14304-2988-1)
- Harris 30 MHz-870 MHz 8W Antenna (Serial # 12102-2700-01)
- Harris 225 MHz-450 MHz Antenna (Serial # 14304-0375-1, 14304-1392-1)
- Harris Radio Rechargeable battery (Serial # 3072364, 3007435, 3028436, 3001864, 42785)
- Harris Peltor Headset (Serial # 00000012998)
- Peltor Push to Talk (Serial # 0000078149)
- Harris Double battery charger (Serial # UCC22511834)
- Thales AC Adapter (Model # JTA0210P)
- U.S. Flag and
- Sandisk Extreme SD card, #91010VFL715W

```
 1  All in violation of Title 18, United States Code, Section
 2  981(a)(1)(C), Title 22 United States Code, Section 401(b), and Title
 3  28, United States Code, Section 2461(c).
 4
 5  DATED:    September 14, 2019.
                                        ROBERT S. BREWER, Jr.
 6                                      United States Attorney
 7
                                        /s/ Alexandra F. Foster
 8                                      ALEXANDRA F. FOSTER
                                        Assistant U.S. Attorney
```